UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RANDALL CRAIG | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| VERSUS | * | JUDGE: |
| APACHE DEEPWATER, LLC, formerly known as MARINER ENERGY, INC. | * | MAGISTRATE JUDGE: |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## *COMPLAINT*

Now comes Plaintiff, RANDALL CRAIG, a resident and citizen of the State of Louisiana, with respect represents, upon information and belief as follows:

I.

Jurisdiction is proper before this Court based upon diversity of citizenship and jurisdictional limit, 28 U.S.C. §1332(a) and the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, et seq.

II.

Made defendant herein is the following corporation:

A.  APACHE DEEPWATER, LLC [hereinafter "APACHE"], which on 11/20/10 merged with that entity formerly known as MARINER ENERGY, INC. [hereinafter

"MARINER"], is a foreign corporation with its domiciliary address of 1209 Orange Street, Wilmington, DE 19801, and which can be found within this judicial district. Said corporation has designated CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 as its agent for service of process.

III.

Said APACHE and MARINER have been and are engaged in a systematic and regular course of business within this district and within the jurisdiction of this Honorable Court.

IV.

At all material times, Defendants, APACHE and/or MARINER, owned, controlled, and operated an oil and gas production platform attached to the seabed on the Outer Continental Shelf in Vermillion, Block 380 located in 400 feet of water adjacent to the State of Louisiana.

V.

The said oil and gas platform and APACHE and/or MARINER were at all material times engaged in work activities within the State of Louisiana, and within this judicial district.

VI.

RANDALL CRAIG was at all material times an employee of Nature Corporation and was at all material times under the direction and control of a Nature Corporation foreman while performing work aboard the said platform owned by APACHE and/or MARINER.

VII.

On or about 2 September 2010, Plaintiff and the other Nature Corporation employees were

performing their normal work duties as the APACHE and/or MARINER employees were attempting to bring the production platform back on line.

VIII.

Suddenly, and without warning, the platform erupted in fire and the escape capsules located in the corners of the platform were inaccessible and unuseable.

IX.

The employees aboard the said APACHE and/or MARINER Vermillion 380 platform evacuated to a lower level of the platform where the emergency supply box held an insufficient number of life jackets for the persons aboard the platform.

X.

All hands aboard the said APACHE and/or MARINER Vermillion 380 Platform abandoned the platform to escape the blazing fire and remained in the rough seas of the Gulf of Mexico for approximately 3 hours until rescued.

XI.

After receiving medical care ashore, plaintiff, Randall Craig, attempted to return to work for Nature Corporation in an offshore environment, but was unable to bear the stress associated with the precarious surroundings and minimal means to escape a sudden hazard like the APACHE and/or MARINER Vermillion 380 Platform fire.

XII.

Plaintiff, Randall Craig, has been unable to return to his former employment in an offshore

environment and has been forced to settle for lower paying positions which do not pose the level of hazard or risk encountered aboard the APACHE and/or MARINER Vermillion 380 Platform.

XIII.

The accident in question and resulting damages to RANDALL CRAIG were the result of carelessness, recklessness, and negligent conduct of Defendant, APACHE and/or MARINER, its agents and employees, in the following non-exclusive particulars:

  a.  Failure to provide Plaintiff with a safe place to work;

  b.  Failure to perform the work operations of bringing the platform back on line in a safe and appropriate manner;

  c.  Failure to control the platform well bore structures;

  d.  Failure to properly utilize appropriate well control equipment; and

  e.  Such further and other acts of neglect, fault, omission, or commission to be proven at the trial of this cause.

XIV.

The explosion and fire were also the result of fall or ruin or vice in original construction of the said Vermillion 380 platform and plaintiff specifically pleads the applicability of La. Civ. Code arts. 2317 and 2322 to the facts asserted.

XV.

Upon information and belief, the said accident and injuries to RANDALL CRAIG were not caused or contributed to by any fault or want of care on the part of the Plaintiff.

XVI.

Plaintiff specifically pleads the doctrines of strict and/or absolute liability herein against Defendant, APACHE and/or MARINER, as a result of the defective condition of the platform structure located on the Outer Continental Shelf adjacent to the State of Louisiana.

XVII.

Plaintiff, RANDALL CRAIG, itemizes the damages suffered by him as a result of this accident, as follows:

| | | |
|---|---|---:|
| 1. | Physical and mental pain and suffering | $500,000.00 |
| 2. | Past and Future Loss of Income and Loss of Earning Capacity | $750,000.00 |
| 3. | Past and Future Medical Expenses | $100,000.00 |
| | TOTAL | $1,350,000.00 |

WHEREFORE, Plaintiff, RANDALL CRAIG, prays for judgment against APACHE DEEPWATER, LLC, formerly known as MARINER ENERGY, INC., as follows:

1. In favor of Plaintiff, RANDALL CRAIG, such general and special damages in such amounts as prayed for above;

2. For legal interest on all of the amounts prayed for above, from date of injury until paid;

3. For all general and equitable relief as the circumstances may warrant; and

4.      For all taxable costs herein.

                    Respectfully Submitted:

                    MICHAEL J. MESTAYER
                    A Professional Law Corporation
                    1100 Poydras Street
                    Suite 2785
                    New Orleans, LA  70163
                    Telephone:  504-522-7360
                    Facsimile: 504-522-7356


                    s/Michael J. Mestayer
                    MICHAEL J. MESTAYER (LA Bar No. 09461)

                    - and -

                    CREED & CREED
                    1805 Tower Drive
                    P.O. Drawer 14136
                    Monroe, LA 71207
                    Telephone:  (318) 362-0086
                    Facsimile: (318) 362-8219

                    s/Christian C. Creed
                    CHRISTIAN C. CREED (LA Bar No. 23701)

                    Attorneys for Plaintiff, RANDALL CRAIG


SERVICE INSTRUCTIONS:
Please serve defendants,

**(1)    APACHE DEEPWATER, LLC**
       through its Registered Agent:

       CT Corporation System
       5615 Corporate Blvd., Suite 400B
       Baton Rouge, LA 70808

**(2)**     **MARINER ENERGY, INC.**
through its Registered Agent:

CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808